J. R. DAVIS, *Plaintiff in Error*, v. THE AMERICAN AGRI-
CULTURAL CHEMICAL COMPANY, A CORPORATION, *Defend-
ant in Error.*

Opinion Filed May 29, 1924.

This case was decided by Division B.

1. While the manufacturers and vendors of fertilizers should be
   held to a compliance with the obligations imposed upon them
   by law, they have a right to determine that a cause of action
   be stated in due course of law against them before they are
   required to take issue on the facts. Stevens v. Independent
   Fertilizer Co., 73 Fla. 1050, 75 South. Rep. 539.

2. In an action upon a promissory note a plea of want of con-
   sideration which merely avers that there was no consideration
   for the note is insufficient because it amounts to a plea of
   the general issue, which is forbidden in an action of this
   kind. Forbes v. Ft. Lauderdale Merc. Co., 83 Fla. 66, 90
   South. Rep. 821.

A Writ of Error to the Circuit Court for Polk County;
John S. Edwards, Judge.

Affirmed.

*J. W. Brady,* for Plaintiff in Error;

*Landis, Fish & Hull* and *Erskine W. Landis,* for De-
fendant in Error.

WEST, J.—This is an action on several promissory notes.
The declaration is in the usual form, declaring on each
note in separate counts. Originally it contained several

common counts, but as to these the action was dismissed by plaintiff. The original pleas of defendant were held bad on demurrer. Thereafter amended pleas were filed. Demurrers to these pleas were also sustained. Defendant declined to plead further and upon proof being filed final judgment was entered by the court in favor of plaintiff. Defendant took writ of error. The order sustaining the demurrer to defendant's amended pleas is assigned as error. In the brief on behalf of plaintiff in error, who was defendant below, it is stated that the only question presented is whether there is error in the order sustaining plaintiff's demurrer to the pleas of defendant.

The second amended plea admits defendant's liability upon one of the notes sued on and plaintiff's right to recover the amount of this note, but with respect to the other notes, it is averred in substance that they were for commercial fertilizer delivered to defendant by plaintiff from time to time as his needs required, sold under a guarantee that one lot of the fertilizer so delivered contained certain specified constituent elements, that another lot contained certain other specified constituent elements, and that the remaining quantity contained certain specified constituent elements; that as to each of said lots plaintiff guaranteed that the ammonia "was derived from fish, blood and bone and nitrate of soda," and that defendant, relying upon the guarantee of plaintiff as to said constituent elements of the various lots of fertilizer, applied the same to the purposes for which such fertilizers were purchased; "that at the time of receiving and using said fertilizers he had no means of knowing that the said various shipments did not contain the constituent elements above described which had been guaranteed by the plaintiff; but it developed that none of said fertilizers con-

tained the constituent elements in quantity and quality as guaranteed by the plaintiff and that the ammonia used by the plaintiff in the preparation of said fertilizers was not derived from fish, blood and bone and nitrate of soda, but was derived from inferior and worthless sources whereby said fertilizer proved to be wholly worthless and defendant received no benefit from the same." Whereby it is averred that there was a total failure of consideration for which said notes were given.

The third amended plea avers that consideration for the notes sued on to be certain commercial fertilizer delivered to the defendant by plaintiff, sold under a guarantee by plaintiff that the several quantities of fertilizer were made in accordance with certain formulas and contained certain specified constituent elements; that plaintiff guaranteed that the ammonia used in all the fertilizer so delivered was derived "from fish, blood and bone and nitrate of soda"; that relying upon the guarantee as to said constituent elements, defendant applied said fertilizer to the purposes for which it was intended; that at the time of receiving and using said fertilizers he had no means of knowing that the said various shipments did not contain the constituent elements above described which had been guaranteed by the plaintiff, but it developed that none of said fertilizers contained the constituent elements in quantity and quality as guaranteed by the plaintiff and that the ammonia used by the plaintiff in the preparation of said fertilizers in all three of the formulas, which the plaintiff guaranteed, was not derived from fish, blood and bone, and nitrate of soda, but was derived from inferior and worthless sources whereby said fertilizers proved to be wholly worthless and defendant received no benefits whatever from the same, and that by reason thereof, this defendant sustained a loss in his cropping operations to the amount of $25,000.00

which he prays may be allowed as a counter claim against plaintiff's suit by way of recoupment.''

The defense relied on is failure of consideration for the notes sued on.

In Stevens v. Independent Fertilizers Co., 73 Fla. 1050, 75 South. Rep. 539, it was held that ''an allegation that upon the certificate of analysis the plaintiff found it to be deficient and adulterated is not a positive and direct allegation of fact that is essential to recovery.'' In the case under consideration the plea avers that *''it developed''* that none of said fertilizers contained the constituent elements in quantity and quality as guaranteed. In Stevens v. Independent Fertilizer Co., *supra*, it was held that ''the allegations as to the adulteration and deficiencies *should have reference approximately at least to the time of delivery of the fertilizers.* The guaranteed analysis relates to the constituent elements of the fertilizer *at the time of its delivery.''.* (Italics supplied.) In the case under consideration there is no averment in the pleas of the time when ''it developed'' that the fertilizers received were deficient in constituent elements or that the ammonia contained in such fertilizers was derived from inferior and worthless sources.

Tested by the rules announced by this court, the pleas were subject to demurrer upon the ground that they set up no defense to the action. A general averment in a plea to an action on a promissory note that the note was without consideration is not sufficient. It is necessary that the facts or circumstances connected with the transaction, necessary to apprise plaintiff of the specific nature and character of the defense which he will be required to meet, be averred. Forbes v. Ft. Lauderdale Merc. Co., 83 Fla. 66, 90 South. Rep. 821; Ahren & Hyer v. Willis, 6 Fla. 359.

The order sustaining demurrer to the pleas is not erroneous.

The judgment is affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.