E. R. GROFF, *Plaintiff in Error,* v. INDEPENDENT FERTILIZER COMPANY, A CORPORATION UNDER THE LAWS OF THE STATE OF FLORIDA, *Defendant in Error.*

### En Banc.

### Opinion Filed March 15, 1927.

While the manufacturers and vendors of fertilizers should be held to a compliance with the obligations imposed upon them by law, they have a right to demand that a cause of action be started in due course of law against them before they are required to take issue on the facts.

A Writ of Error to the Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Affirmed.

*E. Noble Calhoun* and *Hilburn & Merriday,* for Plaintiff in Error;

No appearance for Defendant in Error.

CHILLINGWORTH, Circuit Judge.—The Fertilizer Company sued the farmer on promissory notes given for fertilizer. The farmer, defendant in the Court below, and plaintiff in error here, filed a second amended plea in words and figures as follows:

Comes now the defendant, E. R. Groff, in the above entitled cause and files and tenders this his second amended plea, to the plaintiff's declaration, leave of Court permitting said amendments first having been obtained, and says: That in November, 1919, in St. Augustine, Florida, the defendant agreed to buy and that the plaintiff agreed to sell to the defendant twenty tons of fertilizer known as potato fertilizer and to contain not less than five per cent

ammonia, not less than seven per cent A phos acid, not less than three per cent potash ($K_2O$), made from fish scrap, nitrate of soda, blood and bone, acid phosphate and Sul Potash, at and for the agreed price of $1058.72, including freight and interest, and that the defendant gave the plaintiff his note for said sum of money in St. Augustine, Florida, and which said note is the identical cause of action sued upon herein in this cause. And that defendant says that at the time of the making of the above agreement that the plaintiff in November, 1919, then and there represented and guaranteed the defendant that said fertilizer, so contracted to be delivered by the plaintiff to the defendant as aforesaid would increase the yield of Irish potatoes to be planted by the defendant upon his farm for the year A. D. 1920, in St. Johns County, Florida, and would bring said potatoes to full growth and maturity. And that defendant alleges that the aforesaid fertilizer so purchased by him was purchased from the plaintiff for fertilizing Irish potatoes upon the farm of defendant for the year A. D. 1920 Irish potato season. That defendant relying upon and believing the above stated representations of the plaintiff, in February, 1920, after the heavy rains in said month, applied said fertilizer upon his said farm for fertilizing said Irish potatoes, in the Spring of A. D. 1920, after the heavy rain in February, 1920, and that said pretended fertilizer was used by the defendant upon said crop on said farm of the defendant and which said fertilizer so used was paid for by the defendant with the note so sued upon. And this defendant says that the plaintiff well knew that the fertilizer so furnished by the plaintiff to the defendant was to be used by the defendant upon his farm in St. Johns County, Florida, for fertilizing and growing and increasing the yield of Irish potatoes for defendant A. D. 1920 season crop. And this defendant says that the

fertilizer furnished by the plaintiff in pretended compliance of said above stated agreement between the plaintiff and the defendant was not of the quality and kind of fertilizer specified or agreed to between the plaintiff and the defendant at the time of the delivery of said fertilizer to defendant, to-wit: on or about the 25th day of January, A. D. 1920, and that the pretended fertilizer did not contain the elements above stated or any part thereof in the agreement of sale between the plaintiff and the defendant and that defendant says that said pretended fertilizer was used by the defendant by applying it upon his farm prior to the discovery of the defendant of the deficiency and worthlessness of said fertilizer or substance. That the defendant discovered the said worthlessness and deficiency of the said pretended fertilizer in the month of May, A. D. 1920. This was long after the application of said pretended substance to soil of the defendant farms. That defendant saw and found that the potato plants did not make a good stand and that they were small stunted plants and upon examination of the potatoes upon said plants defendant found that they were small and undersized and worthless. That this was after the defendant gave the note sued upon in May, 1920, before he discovered said deficiency. That the defendant immediately reported the deficiency to plaintiff of said pretended substance called fertilizer by the plaintiff and that the plaintiff agreed to adjust the losses. So the defendant says that by reason of the deficiency, inferiority and worthlessness of the said pretended fertilizer aforesaid, that he suffered an Irish potato crop loss for the season of 1920 in St. Johns County, Florida. The defendant says that said fertilizer so called did not increase the yield on the said Irish potatoes in said crop, nor did it bring defendant potatoes in said crop to full growth and maturity and for which it was bought, and that when

the defendant commenced to dig his potatoes of the crop of 1920 aforesaid, in June, 1920, he found that said Irish potatoes upon which said pretended fertilizer was applied were small, worthless and unsalable in St. Johns County and were of no market value for that reason aforesaid or at any time and were of no value to the defendant. That defendant says that in the year A. D. 1920 Irish potatoes were grown on other and nearby lands to the land of your defendant, and that in the year 1920 the defendant was an experienced farmer and experienced in the planting, growing, cultivating and harvesting of Irish potatoes in St. Johns County, Florida, and prepared the soil on his farm in the most approved manner, drained and cut water furrows for use upon said land, then applied the co-called and pretended fertilizer of plaintiff upon said land and distributed it in the most approved manner and method used in St. Johns County, Florida; that defendant did not know said fertilizer did not contain the elements agreed upon when he so applied it. That the defendant distributed one ton of the said fertilizer to the acre, a total of twenty tons, which was the usual and proper amount applied per acre by the Irish potato farmers of St. Johns County, Florida, in the year 1920. The defendant then planted his farm with properly cut first class healthy Rose No. 4 Irish potato seed, four and one-half bags per acre which was the proper and usual amount to be planted per acre by farmers of Irish potatoes in St. Johns County, Florida, in the year 1920. That said farm was properly cultivated for said crop by experienced Irish potato farm laborers. That the defendant used the usual, proper and most husband like and approved method of farming and cultivating said Irish potato crop. That after the application of said fertilizer and planting of potato seed aforesaid, the season of A. D. 1920 in St. Johns County, Florida, as to its climatic con-

ditions was good for the growing and increasing crops of Irish potatoes. That said Rose No. 4 potato seed were sound; said land was good Irish potato land and suitable for growing Irish potatoes in St. Johns County, Florida. Yet the defendant says that by reason of said worthless and deficient fertilizer sold by the plaintiff to defendant and used as aforesaid, the defendant lost great gains and profits upon his said farm and Irish potato crop for the season of 1920, wherefore the defendant pleads failure of consideration.

A third amended plea was also filed seeking a recoupment based upon allegations similiar to the second amended plea. Plaintiff's demurrer to the pleas, on the following grounds, was sustained by the Court:

4th. Said plea fails to allege sufficient facts or circumstances connected with the transaction mentioned therein to apprise plaintiff of the specific nature and character of the defense it will be required to meet.

5th. Said plea fails to allege the manner in which defendant discovered that the fertilizer therein mentioned, did not contain the elements it is alleged to have been guaranteed to contain, nor the manner in which defendant discovered that said fertilizer was not of the quality and kind of fertilizer specified or agreed to.

Thereafter judgment *nihil dicit* and final judgment were entered against the defendant. The error assigned is the sustaining of the demurrer to the amended pleas.

Counsel for the Fertilizer Company have not favored us with a brief so we are not advised as to the authorities presented to the trial Court, or any of the reasons urged by its counsel to show poverty of allegation of the pleas.

The question presented is whether there are sufficient specific facts and ultimate facts in the plea to demonstrate

that at the time and place of delivery, the alleged fertilizer did not contain the agreed elements.

The plea shows that in St. Augustine, November, 1919, the plaintiff agreed to deliver to the defendant fertilizer to contain certain constitutent elements. The fertilizer was to be used in St. Johns County. It does not appear whether the fertilizer was to be delivered to the defendant at the factory, or at the plant or office of defendant in St. Johns County, or at the defendant's farm. It does not appear where in fact the fertilizer was delivered, although it was delivered on or about January 25, 1920. We are unable to fix the time of its application, except by the allegation that the defendant discovered its worthlessness in May, 1920, which was long after its application.

The inquiry then arises where and under what conditions was the fertilizer transported and stored in the interim between its delivery to the defendant, at some unknown place, and its application to the soil. The defendant here seeks to establish the deficiency of the fertilizer at the time of its delivery solely by the result of his crop. Assuming, without deciding, that the plea is otherwise sufficient, we are not prepared to say that regardless of what happened to the fertilizer between the time and place of delivery, and the time and place of its application, that its deficiency may be demonstrated by such proof. Stevens v. Independent Fertilizer Company, 73 Fla. 1050, 75 So. 539; Davis v. American Agricultural Chemical Company, 87 Fla. 525, 100 So. 741.

It therefore follows that there was no error in the sustaining of the demurrer to the pleas, and the judgment will be affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the

Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL AND BUFORD, J. J., concur.

STRUM AND BROWN, J. J., dissent.