W. C. SILVA v. GRACE CRUM ROBINSON, *et vir.*

156 So. 280.
Division A.
Opinion Filed July 23, 1934.

*Zewadski & Pierce,* for Plaintiff in Error;

*Bivens & Huggins,* for Defendants in Error.

ELLIS, J.—The only question presented in this case arises upon the sufficiency of a plea interposed as a defense to an action on a promissory note.

Prior to the date the note was executed and delivered to the plaintiff, the maker, W. C. Silva, had been discharged in bankruptcy proceedings. Before such proceedings in bankruptcy were instituted Silva was indebted to Grace Crum, who when this action was begun had become the wife of C. E. Robinson. The debt amounted to four hundred and sixty-five dollars, and was evidenced by a promissory note in that sum. It was listed as one of the debts in the bankruptcy proceeding. After the termination of such proceedings and the discharge of Silva, he executed and delivered to Grace Crum another promissory note for the sum of four hundred and sixty-five dollars. It was dated August 16, 1930, and payable one year after date to the order of the payee.

In January, 1932, Mrs. Grace Crum Robinson and her husband brought an action against Silva in the Circuit Court for Hillsborough County on the note of August 16, 1930, which when the action was begun was nearly five months past due.

Mr. Silva interposed a plea which is the subject of this controversy. It was an amended plea and a demurrer to it was sustained. The order sustaining the demurrer and entering a default recites that the defendant declined to plead further.

The entry of default for want of a plea in such circumstances was the correct procedure. That eliminates the second assignment of error; besides it was not discussed in plaintiff in error's brief and was therefore abandoned.

Southern Express Company v. Van. Meter, 17 Fla. 783; Lake v. Hancock, 29 Fla. 336, 11 South. Rep. 97; Bloodworth v. A. H. & F. H. Lippincott, 78 Fla. 261, 82 South. Rep. 827; City of West Palm Beach v. Ryder, 73 Fla. 558, 74 South. Rep. 603; Tampa Electric Co. v. Bazemore, 85 Fla. 164, 96 South. Rep. 297.

The plea averred that the note was "without any good or valuable consideration therefor." That averment, standing alone, was insufficient as a defense. See Kline v. Eugene Bernighaus Co., 102 Fla. 362, 135 South. Rep. 837.

The facts connected with the transaction must show a want of consideration to support the general averment. Forbes v. Ft. Lauderdale Mercantile Co., 83 Fla. 66, 90 South. Rep. 821; Davis v. Am. Agr. Chem. Co., 87 Fla. 525, 100 South. Rep. 741; Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 South. Rep. 517.

The rule is that a promise to pay debts from which the promisor has been discharged in bankruptcy proceedings is enforceable though made orally and no particular form is necessary. Merchants Protective Assn. v. Popper, 59 Utah 470, 204 Pac. Rep. 107; Cameron v. Meador-Pasley Co., 39 Ga. App. 712, 148 S. E. Rep. 309; Fonville v. Wichita State Bank & Trust Co., 161 Ark. 93, 255 S. W. Rep. 561; Brannan's Negotiable Instruments Law (5th Ed.) 328.

The reasoning supporting that doctrine is aptly stated by Mr. Justice FRICK in Merchants' Protective Ass'n v. Popper, *supra,* as follows:

"When a debt has been discharged in bankruptcy the moral obligation continues precisely the same as though no discharge had been made. The obligation is a continuing one, and continues as long as the debt remains unpaid or is otherwise released. The discharge merely destroys

the legal remedy to enforce the debt, but the moral obligation to pay continues in force. That moral obligation is a sufficient consideration for a new promise whenever the promise may be made. The obligation being a continuing one, the consideration continues with it, and just so long as the moral obligation exists the obligation is a sufficient consideration for a new promise. If, therefore, a new promise to pay a discharged debt is made, the defense of want of consideration cannot exist. The question, therefore, and the only question is, is there a legal and enforceable new promise? If there is such a promise, that ends the whole case in favor of the alleged promisee; and if there is not, then in favor of the alleged promisor."

The averments of the plea are not sufficient to overcome the doctrine that a debt owed by a person discharged in bankruptcy is a sufficient consideration for a promise to pay. The plea admits the execution of the note, which is of course a written promise to pay a definite sum of money at a time certain. That fact cannot be annihilated by the averment that there was no new promise because the execution of the note was a new promise and the existence of the debt continued the moral obligation to pay; besides the plea avers that the return of the old note was the consideration for the new promise. While that alone afforded a consideration, the fact of the existing debt and the moral obligation to pay was sufficient for the new promise.

The plea was bad. The demurrer was correctly sustained, so the judgment is affirmed.

Davis, C. J., and Terrell, J., concur.

Whitfield, P. J., and Brown and Buford, J. J., concur in the opinion and judgment.