BRADFORD G. WILLIAMS v. LAWYER'S CO-OPERATIVE PUBLISHING COMPANY.

187 So. 788.
Opinion Filed April 4, 1939.

*T. S. Trantham,* for Plaintiff in Error.

*Paul Pinkerton,* for Defendant in Error.

BUFORD, J.—Writ of error brings for review order granting a new trial pursuant to an instructed verdict in favor of the defendant.

The plaintiff in the court below, defendant in error here, exhibited his declaration in the Circuit Court in and for Polk County in which he sued the defendant, alleging as follows:

"For that, whereas, the said defendant at and before the institution of this suit was and still is indebted to the plaintiff in the sum of twelve hundred seventy-three and 85/100 ($1273.85) dollars, for money payable by the defendant to the plaintiff for goods, chattels and effects before that time sold and delivered by the plaintiff to the defendant at his request.

"And in a like sum for money found to be due from the defendant to the plaintiff on accounts stated between them.

And in a like sum for money had and received by the defendant for the use of the plaintiff.

"And in a like sum for money loaned by the plaintiff to the defendant at his request.

"And in a like sum for interest on divers sums of money before that time foreborne by the plaintiff to defendant for divers spaces of time before then elapsed.

"And in a like sum for money paid by plaintiff for defendant at his request.

"All of which said sums altogether amounting to the sum of twelve hundred seventy-three and 85/100 ($1273.85), dollars, have long since been due and payable, and defendant has not paid the same or any part thereof, although requested so to do.

"Wherefore, plaintiff sues the defendant and claims damages in the sum of fifteen hundred ($1500.00) dollars."

To the declaration was attached bill of particulars showing an account for law books with credits thereon and a balance due of $1273.85.

The defendant filed motions to strike the declaration and also certain numbered paragraphs thereof.

"The court entered an order *inter alia,* as follows:

"That the motions of the defendant should be sustained in so far as they relate to the unnumbered 4th, 5th, 6th and 7th counts of plaintiff's declaration, the plaintiff having elected not to further amend. Therefore, it is ORDERED that that portion of plaintiff's declaration and those parts of plaintiff's declaration beginning 'and in a like sum for money had and received by the defendant, etc.' and concluding 'all of which said sums altogether amounting to the sum of * * * although requested so to do,' being unnumbered paragraphs 4, 5, 6, 7 and 8 of plaintiff's declaration, be and the same is and said parts and paragraphs

are hereby struck from plaintiff's declaration, the said declaration to stand as to the 1st, 2nd, 3rd and concluding unnumbered paragraphs thereof, together with bill of particulars as attached.

"IT IS FURTUER ORDERED That the defendant plead to the declaration as revised by this order on or before January 20, 1936."

No point is raised in regard to this order. Therefore, we make no comment in regard to same.

Thereafter, the defendant filed eight (8) pleas, as follows:

"I. For a first plea, that he, the said defendant, never was indebted as alleged.

"II. And for a second plea, that the alleged cause of action did not accrue within three years before this suit.

"III. And for a third plea, that the alleged cause of action did not accrue within four years before this suit.

"IV. And for a fourth plea, that the alleged cause of action did not accrue within five years before this suit.

"V. And for a fifth plea, that before action he discharged and satisfied plaintiff's claim by payment of the full value of the goods, chattels and effects referred to therein and referred to in the Bill of Particulars.

"VI. And for a sixth plea, that there was a failure of consideration for the said account as alleged and for the said goods, chattels and effects as alleged and as described in the Bill of Particulars in that the greater part of said goods, chattels and effects, to-wit, law books, were used merchandise and were depreciated in value, worn and scarred, so that the credits as recited in said Bill of Particulars, to-wit: the payments made in cash by the defendant to the plaintiff equaled or exceeded in amount the fair and reasonable value of said merchandise.

"VII. And for a seventh plea, that there was a failure of warranty with respect to said merchandise and a total failure of consideration to the extent of the debt now sued upon in connection with said transaction in that the said merchandise was represented by the agent and salesman of plaintiff as being new or as good as new, but that upon the arrival of said merchandise the same was found to be not of a quality with other like merchandise purchased by the defendant for his professional library in which he took pride, but that the same was found to be not new nor as good as new, but on the contrary, of inferior quality and of impaired value so that this defendant was and ought to be relieved of any further liability for said merchandise as represented by plaintiff's action.

"VIII. And for an eighth plea, that the defendant has heretofore been discharged in bankruptcy in the United States District Court in and for the Southern District of Florida in a proceeding wherein his indebtedness to the plaintiff was duly scheduled and whereof the said plaintiff had due notice."

The plaintiff demurred to pleas numbered 6 and 7. The demurrer was sustained. Thereupon plaintiff filed replication, as follows:

"1. For a first replication intended to apply to defendant's pleas numbered II, III and IV, filed in the above entitled cause, the plaintiff says the defendant ought not to be admitted to plead the said pleas, because the plaintiff says that the defendant acknowledged in writing signed by the said defendant, to plaintiff's attorney, within three years from the institution of the suit, that he, the said defendant, owed the plaintiff the said indebtedness; and this plaintiff is ready to verify; wherefore, the plaintiff prays if the defendant ought to be admitted against his own acknowledgment to plead his said pleas.

"2. And for a second replication, intended to apply to defendant's pleas numbered III and IV, filed in the above entitled cause, the plaintiff says the defendant ought not to be admitted to file the said pleas; because the plaintiff says that the defendant, on to-wit, the 25th day of July, A. D. 1932, made a voluntary payment of $25.00 on said indebtedness, and this the plaintiff is ready to verify; wherefore, the plaintiff prays if the defendant ought to be admitted against his own payment to plead his said pleas.

"3. And for a third replication intended to apply to defendant's pleas numbered I and IV, the plaintiff takes issue upon said pleas.

"4. And for a fourth replication, intended to apply to defendant's plea numbered VIII, plaintiff denies that in the bankruptcy proceedings referred to in said plea the defendant included in his schedule of assets, listed for the benefit of his creditors, the merchandise which is the subject matter of this suit; and plaintiff says, that long after said bankruptcy proceedings had been concluded and long after the discharge of the defendant therefrom the defendant acknowledged the said indebtedness and executed a series of promissory notes for the same, and this the plaintiff is ready to verify; wherefore, the plaintiff prays if the defendant ought to be admitted, against his own acknowledgment of said indebtedness to plead his said plea.

"5. And for a fifth replication, intended to apply to defendant's plea numbered VIII, plaintiff says the contracts, the subject matter of this suit, retained title to the merchandise set out in the bill of particulars attached to the declaration in the plaintiff; that said contracts were filed for record and recorded in the Circuit Court of the said County of Polk, State of Florida, when said bankruptcy proceedings were instituted, by reason whereof the plaintiff says the defendant was not permitted, as a matter

of law, to include in his assets, listed for the benefit of his creditors, the said merchandise, and this the plaintiff is ready to verify."

Replication was amended by changing the wording of paragraph (3) to read as follows:

"And for a third replication, intended to apply to defendant's pleas numbered I and V, the plaintiff takes issue upon said pleas."

Demurrer was filed to the 1st, 2nd, 4th and 5th replications, as was also motion to strike the 1st, 2nd, 4th and 5th replications. On these motions the Court ordered, as follows:

"WHEREFORE, IT IS ORDERED that the motions of the defendant to strike the first, second, and fourth replications of plaintiff be and they are hereby denied, that the defendant's demurrers to the first, second and fourth replications be and they are hereby overruled and that the defendant's motion to strike the fifth replication of plaintiff be and the same is hereby granted, as well as that the defendant's demurrer to said fifth replication be and the same is hereby sustained.

"DONE AND ORDERED in Chambers at Lakeland, Florida, this 23rd day of September, 1936."

With the issues thus presented, the cause went to trial.

So the question which must be answered is whether or not the plaintiff sustained by proof the allegations of his 1st, 2nd, and 4th replications, or whether or not the defendant sustained his 1st and 5th pleas. The latter proposition may be answered by saying that there was no evidence to support either the 1st or 5th plea.

During the progress of the trial certain interrogatories and answers were produced in evidence. The defendant entered his objections to interrogatories 7, 8 and 9 which

objections were sustained by the Court. Those interrogatories and answers appear in the transcript and, with the exhibits, are as follows:

### "Interrogatory No. 7

"If your answer to Interrogatory No. 6 is that such an agreement was entered into between the Lawyers' Co-operative Publishing Company and the said Bradford G. Williams, please state just what this agreement was.

### "Answer to Interrogatory No. 7

"The agreement referred to in answer to Interrogatory No. 6 was to accept four notes of $250.00 each payable in one, two, three and four years respectively. In July, 1930, after writing continually to Mr. Williams for these notes he finally mailed them in. These notes were dated March 1st, 1930, and are hereto attached marked 'Exhibits C.' 'D,' 'E,' and 'F,' respectively.

"The said Exhibits 'C,' 'D,' 'E,' and 'F' respectively referred to in the answer to said Interrogatory No. 7, and so attached, were in words and figures as follows, to-wit:

### "Exhibit 'C'

"Lakeland, Florida, March 1, 1930.

"No. 1 of 4.                                  $250.00

"On or before one year after date, without grace, we, or either of us, for value received, jointly and severally, as principals, promise to pay to THE LAWYERS CO-OPERATIVE PUBLISHING COMPANY, or order, at the office of said payee, or any bank, the sum of TWO HUNDRED FIFTY and no/100 DOLLARS with interest after maturity at the rate of 8% per annum, payable_____ it being agreed by the makers with the holders hereof, that should this note be collected by legal process, or by an attorney, I, We, or either of us, will pay all costs of same and a reasonable

attorney's fee, each of us, whether maker, surety, guarantor, or endorser, hereby severally waiving presentment and demand for payment and notice of non-payment at maturity, and consenting to the extension of this note or any part thereof without further notice.

"P. O. Box 752,      "BRADFORD G. WILLIAMS (SEAL)
"Lakeland, Florida,
"Suite 1, Cochrane Bldg.

"Exhibit 'D'

"Lakeland, Florida, March 1, 1930.
"No. 2 of 4                                        $250.00
"On or before two years after date_____the sum of Two HUNDRED FIFTY AND No/100 DOLLARS
(otherwise in like form, terms and execution as Exhibit 'C,' *supra*)

"Exhibit 'E'

Lakeland, Florida, March 1, 1930.
"No. 3 of 4.                                       $250.00
"On or·before three years after date_____the sum of Two HUNDRED FIFTY AND No/100 DOLLARS
(otherwise in like form, terms and execution as Exhibit 'C,' *supra*)

"Exhibit 'F'

Lakeland, Florida, March 1, 1930.
"No. 4 of 4.                                       $250.00
"On or before four years after date_____the sum of Two HUNDRED FIFTY AND No/100 DOLLARS
(otherwise in like form, terms and execution as Exhibit 'C,' *supra*)

The defendant objected to said Interrogatory No. 7 and the answer thereto and moved to strike the same:

"(1) Because they marked a variance between the pleadings and the proof;

"(2) Because the suit had not been predicated upon said notes so elicited; and

"(3) Because said evidence was incompetent, immaterial and irrelevant.

"Which said objections and said motion were sustained, so that said interrogatory and answer were not read in evidence, to which ruling and decision of the court the plaintiff did then and there except."

"Interrogatory No. 8

"If your answer to Interrogatory No. 7 is that the said Bradford G. Williams executed a series of promissory notes which, if paid, would completely satisfy and discharge his indebtedness to the Lawyer's Co-operative Publishing Company, please state, if you know, what part of said notes, if any, have been paid by Bradford G. Williams or any one else in his behalf."

"Answer to Interrogatory No. 8

"A total of $55.00 has been received since that time to apply on these notes, this amount being represented by a payment of $30.00 received through our attorney on June 1st, 1931, and a payment of $25.00 received through our attorney on August 2nd, 1932.

"The defendant objected to said Interrogatory No. 8 and the answer thereto and moved to strike the same:

"(1) Because they marked a variance between the pleadings and the proof:

"(2) Because the suit had not predicated upon said notes so elicited; and

"(3) Because said evidence was incompetent, immaterial and irrelevant.

"Which said objections and said motion were sustained, so that said interrogatory and answer were not read in evidence, to which ruling and decision of the court the plaintiff did then and there except."

"Interrogatory No. 9

"If your answer to Interrogatory No. 8 is that you received, through your attorney, on or about June 1, 1931, $30.00 and on or about August 2, 1932, $25.00, to be applied as credit on the said notes, please state, if you know, what effect the nonpayment of the notes had on the indebtedness due by Bradford G. Williams to the Lawyers' Publishing Company."

"Answer to Interrogatory No. 9

"Non-payment of the notes placed the account back in the same position insofar as the amount due and owing as if these notes had never been executed."

The defendant objected to said Interrogatory No. 9 and the answer thereto and moved to strike the same:

"(1) Because they marked a variance between the pleadings and the proof;

"(2) Because the suit had not been predicated upon said notes so elicited; and,

"(3) Because said evidence was incompetent, immaterial and irrelevant; and

"(4) Because the question seeks and the answer states a conclusion merely of the witness,—which said objections and said motion were sustained, so that said interrogatory and answer were not read in evidence, to which ruling and decision of the court the plaintiff did then and there except."

"Interrogatory No. 10

"If your answer to Interrogatory No. 8 is that you received, through your attorney, on or about August 2, 1932,

the proceeds of a $30.00 remittance to be applied as a credit on said notes, please attach your attorney's letter transmitting this remittance."

"Answer to Interrogatory No. 10'

"On or about August 2, 1932, the proceeds of a $25.00 payment (not a $30.00 payment) were transmitted to us by our attorney, Paul Pinkerton. His letter of transmittal dated July 28th, 1932, is hereto attached marked Exhibit 'G.'

"The said Exhibit 'G' referred to in the answer to said Interrogatory No. 10, and so attached, was in words and figures as follows, to-wit:

"Exhibit 'G'

"Tampa, Florida, July 28, 1932.

"*Re*: Lawyer's Co-operative v. Bradford G. Williams.
"Gentlemen:

"Referring to this account, after writing the debtor numerous letters, telephoning him long distance, etc., I finally succeeded in collecting $25.00 from him and I am enclosing my check for the proceeds of the same, $21.25 less commission. In transmitting the check Mr. Williams writes me as per the attached letter, which is referred to you for your attention and advice.

"In long distance telephone conversation with him before this letter was written, I merely stated to him that any proposition for a cash settlement he cared to offer would be submitted to you, but I did not make any kind of a promise as to your position in the matter. I don't believe I have sufficient information in the files to determine the exact amount due by Mr. Williams, but it is assumed the amount he suggests as a cash settlement represents a material reduction from that amount. It should not be overlooked,

however, judging the future by the past that it will perhaps be several years before we are able to collect the balance owing by this debtor and that would be in driblets of ten to twenty-five dollars at very irregular intervals.

Very truly yours

"PAUL PINKERTON."

Then the following occurred:

"The plaintiff by its counsel offered then to introduce papers purporting to show title retention claimed in the plaintiff as to certain books sold the defendant, to which defendant objected as being contrary to the nature of the proceedings and at variance with the pleadings, which objection was sustained, and to which ruling plaintiff by counsel excepted.

"And thereupon, the plaintiff having rested, the defendant moved the court for a directed verdict because the said evidence of the plaintiff had not been in support of the allegations of the pleadings and had not been sufficient to establish any cause of action, which said motion was denied by the court.

"Thereupon the defendant to support his pleas made in said case identified and filed in evidence as Plaintiff's Exhibit No. 1 (a) certified copy of adjudication in bankruptcy as to the defendant, (b) certified copy of order approving trustee's bond in said proceeding, (c) copy of petition for discharge and of order of notice thereon in said proceeding, and (d) certified copy of discharge of bankrupt as entered in said proceeding, which said Exhibit No. 1 was in words and figures as follows, to-wit:"

It is not necessary to delinate here the proceedings in bankruptcy.

The discharge in bankruptcy was entered October 29, 1929. The notes or new promise to pay the debt were

under date of March 1st 1930. So the promise to pay the debt was made after the discharge and made the discharge ineffectual as against the debt and also tolled the statute of limitations.

In Silva v. Robinson, 115 Fla. 830, 156 Sou. 280, we said:

"The rule is that a promise to pay debts from which the promisor has been discharged in bankruptcy proceedings is enforceable though made orally and no particular form is necessary. Merchants Protective Assn. v. Popper, 59 Utah 470, 204 Pac. Rep. 107; Cameron v. Meador-Pasley Co., 39 Ga. App. 712, 148 S. E. Rep. 309; Fonville v. Wichita State Bank & Trust Co., 161 Ark. 93, 255 S. W. Rep. 561; Brannan's Negotiable Instruments Law (5th Ed.) 328.

"The reasoning supporting that doctrine is aptly stated by Mr. Justice Frick in Merchants Protective Assn. v. Popper, *supra,* as follows:

" 'When a debt has been discharged in bankruptcy the moral obligation continues precisely the same as though no discharge had been made. The obligation is a continuing one, and continues as long as the debt remains unpaid or is otherwise released. The discharge merely destroys the legal remedy to enforce the debt, but the moral obligation to pay continues in force. That moral obligation is a sufficient consideration for a new promise whenever the promise may be made. The obligation being a continuing one, the consideration continues with it, and just so long as the moral obligation exists the obligation is a sufficient consideration for a new promise. If, therefore, a new promise to pay a discharged debt is made, the defense of want of consideration cannot exist. The question, therefore, and the only question is, is there a legal and enforceable new promise? If there is such a promise, that ends the whole

case in favor of the alleged promisee; and if there is not, then in favor of the alleged promisor.' "

It is the contention of the plaintiff in error and it appears to have been at first concurred in by the lower court, which is evidenced by granting a directed verdict, that the notes referred to constituted a new and different cause of action not declared upon and that there was, therefore, fatal variance between the pleadings and the proof. There was no evidence that the notes executed and delivered by the plaintiff to the defendant discharged the debt. Those notes evidenced a compromise and an agreement to accept the sum of $1,000 in full payment of the debt and an agreement on the part of the defendant to pay $1,000 in full settlement of the debt. The transaction did not cancel the debt or create a new debt and, therefore, the action could be maintained on the original debt and the notes involved could be relied on as evidence of the agreement and promise to pay the debt within the period of the statute of limitations. See May, *et al.,* v. Gamble, 14 Fla. 467; Salomon v. Pioneer Co-operative Co., 21 Fla. 374; Frank Herman & Co. v. Williams, 36 Fla. 136, 18 Sou. 351; King v. McConnell, 57 Fla. 77, 49 Sou. 539; Peacock v. Our Home Life Ins. Co., 73 Fla. 1207, 75 Sou. 799; Cracowaner, *et al.,* v. Carlton National Bank, 98 Fla. 792, 124 Sou. 275; Yates v. Ball, 132 Fla. 132, 181 Sou. 341.

Interrogatory No. 6 was as follows:

"If your answer to the preceding Interrogatories is that the said Bradford G. Williams is indebted to the Lawyers' Co-operative Publishing Company, please state if you know whether or not the Lawyers' Co-operative Publishing Company ever entered into negotiations with the said Bradford G. Williams as a result of which it was agreed in the event he paid a fixed sum his indebtedness, if any, to the

Lawyers' Co-operative Publ shing Company would be cancelled in its entirety."

Answer to Interrogatory No. 6 was as follows:

"On March 20th, 1930, we agreed to accept $1000.00 in full payment of any and all obligations owing to us by Mr. Williams. A copy of the letter transm tting his offer is hereto attached marked 'Exhibit B.' "

Then followed Interrogatories 7, 8 and 9 with the answers and exhibits therein referred to.

The agreement proven was not that the plaintiff would accept four notes of $250.00 each in full settlement of the debt, but it agreed to accept $1000.00 in payment of the debt and to allow the defendant to divide that into four equal annual payments. The $1,000 was not paid, insofar as the record discloses. The stricken portions of the Interrogatories and answers and exhibits were pertinent and tend to prove the allegations of the replications.

There was no error in the order granting a new trial. Therefore, it should be, and is, affirmed.

So ordered.

TERRELL, C. J., and WHITFIELD and CHAPMAN, J. J., concur.

BROWN and THOMAS, J. J., concur in conclusion.