LAWYERS CO-OPERATIVE PUBLISHING COMPANY v. BRADFORD G. WILLIAMS.

5 So. (2nd) 871                                    Division A
January 27, 1942

Paul Pinkerton and E. B. Drumright, for plaintiff in error;

Bradford G. Williams, in proper person.

PER CURIAM:

This is an appeal by writ of error after an order vacating a judgment for plaintiff and a judgment for defendant entered on the subsequent trial.

Defendant below, who is defendant in error here, purchased some books from the plaintiff. This suit in general assumpsit was brought to recover the balance due on the purchase price. The defendant set up a plea of discharge in bankruptcy. Plaintiff's replication alleged a new promise after the discharge. The pleadings are set out in full in the opinion filed in the first appeal of this cause. Williams v. Lawyer's Co-operative Publishing Co., 136 Fla. 884, 187 Sou. 788. Jury was waived at the first trial where, when plaintiff rested his case, defendant moved for a directed verdict. The verdict was directed for defendant on the ground that plaintiff has alleged a new promise by defendant to pay the old debt but had proved an entirely new compromise obligation incurred by defendant in the form of promissory notes in the sum of $1000 issued by him. Upon plaintiff's motion for a new trial, however, the Circuit Judge determined that under the evidence the issuance of the notes did not constitute a new obligation, and granted a new trial. This ruling was affirmed in the subsequent appeal from that order. Williams v. Lawyer's Co-operative Pub. Co., supra.

A second trial was had before the Circuit Judge, the Hon. W. J. Barker, who again by stipulation tried

the facts. Verdict and judgment were rendered for the plaintiff in the sum of $1487.98. Defendant filed a motion for new trial which was denied and a subsequent petition for rehearing of that motion was denied. Judge Barker then resigned as Circuit Judge to become District Judge of the United States Court for the Southern District of Florida, and the Hon. C. V. McClurg was appointed and qualified as Circuit Judge in his stead. Whereupon defendant filed a motion to vacate the judgment previously entered and this motion was granted by Judge McClurg. Plaintiff's motion to vacate this last order was denied.

The cause then came on to be tried a third time, the parties again stipulating to waive a jury. This trial resulted in a verdict and judgment for defendant. Plaintiff's motion for a new trial having been denied this writ of error was taken to the rulings of the court.

The immediate question is the determination of the successor circuit judge's authority to vacate the judgment entered by his predecessor who had twice denied a motion for a new trial. The vacating order was entered during the same term as that in which judgment was entered.

A successor judge generally cannot review, modify or reverse, upon the merits, on the same facts, the final orders of his predecessor unless there exists some special circumstances such as mistake or fraud perpetrated on the court. 33 C.J. Judges 104 (pg. 973); 132 A.L.R. (Annotation) 14.

It is also generally held that where an application is made to a court seeking the exercise of a discretionary authority and such application has already been made to and passed on by a predecessor judge, the

successor may not reverse or modify the previous
ruling. Annotation supra. The motion for new trial
and petition for rehearing thereof were addressed to
the discretion of the court. Florida Dairies Co. v.
Ward, 131 Fla. 76, 178 So. 906. The motion to vacate
the final judgment was addressed to the discretion
of the court. Alabama Hotel Co. v. Mott Iron Works,
86 Fla. 608, 98 So. 825. Both were founded on and
supported by the same facts and legal arguments.

The rule stated does not derogate that line of de-
cisions in this State holding, as in Alabama Hotel Co.
v. Mott Iron Works, 86 Fla. 608, 98 Sou. 825, supra,
a court's order, however conclusive, to be under the
control of that court during the term at which the
order was rendered. It does not follow from this
recognition of the court's inherent power over its own
actions that a successor judge may reverse or modify
his predecessor's final orders or discretionary rulings
where the facts remain unchanged.

It is defendant's contention that here is present the
special circumstances of mistake taking the case
without the rule stated. It is alleged in the motion
to vacate that the trial judge assumed that the evi-
dence before him at the second trial was the same as
that presented at the first, whereas, in fact, much new
evidence was presented by defendant at the second
trial. It is also alleged that on the hearing of his
motion for new trial, because of his own default, de-
fendant was not present or represented. Granting
the force of these allegations, it cannot be escaped
that a full and complete hearing on all the points
raised was given the defendant on his petition for
rehearing of the motion for new trial and at that
hearing every essential point raised by his later

motion to vacate was determined, subject to revision by appropriate appeal.

It would seem that the merits of defendant's argument in the motion to vacate, as to the legal sufficiency of his defense, was passed on by this Court in the previous appeal. (Williams v. Lawyer's Co-operative Pub. Co., 136 Fla. 884, 187 Sou. 788, supra). In that appeal this Court found there was no proof of a new obligation and that the evidence did not support a new promise to pay the old obligation upon which plaintiff had declared. The evidence defendant introduced at the second trial is no more than cumulative of that presented at the first trial and there apparently is no proof of a new compromise agreement having been reached by the parties. But whatever the merit of defendant's argument, after the judgment was entered against him and after the dual denial of his motion for new trial, he had his remedy and the proper audience for further argument on the question in this appellate court, and it was error for the successor judge to enter the order vacating the final judgment of his predecessor.

A discussion of the other questions raised is therefore unnecessary to the determination of this appeal. The order entered February 29, 1940, vacating the final judgment of October 17th, 1939, was error and the final judgment should be reversed and the judgment which was vacated by the order, supra, should be reinstated.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD, and ADAMS, JJ., concur.