88 So.2d 312 (1956)
J.E. GROOVER and Lucy Lee Groover, his wife, Appellants,
v.
Calvin WALKER, Appellee.
Supreme Court of Florida, Special Division A.
May 25, 1956.
Rehearing Denied July 9, 1956.
*313 James G. Pace and A.F. Barone, Miami, for appellants.
Sweet & Wolf and Joseph Pardo, Miami, for appellee.
PATTERSON, Associate Justice.
Plaintiff below filed his bill in the nature of a bill of review to have an earlier decree of foreclosure and sale vacated and to allow plaintiff to redeem the property sold under the previous foreclosure sale. After answer, both plaintiff and defendants moved for summary final decree and upon hearing the Chancellor, Honorable Vernon Hawthorne, granted defendants' motion and on December 13, 1954, entered summary final decree for defendants dismissing plaintiff's suit. On December 22, 1954, plaintiff filed a Petition for Rehearing of said summary final decree and on January 19, 1955 filed an amended Petition for Rehearing directed to the same summary final decree. In the meanwhile, on December 31, 1954, the term of Judge Hawthorne expired and he was succeeded as Chancellor by Honorable Fritz Gordon. On February 8, 1955, Judge Gordon granted the Petition for Rehearing, set aside the summary final decree entered by Judge Hawthorne on December 13, 1954 and entered final decree vacating the certificate of title in the prior foreclosure and ordering that the property involved in the foreclosure be resold by the Clerk unless redeemed within ten days.
This appeal is taken from such final decree of February 8th.
Appellants, defendants below, are content to rest their appeal in this Court on two questions of procedure: (1) does our chancery practice permit a rehearing of a summary final decree and (2) may a successor Chancellor reverse the final order or decree of his predecessor, no new facts being made to appear.
Assuming, but not deciding, that Petitions for Rehearing may properly be addressed to summary final decrees in chancery, the decisive question to be decided in this case is whether Judge Gordon, sitting in the case as successor to Judge Hawthorne who had entered summary final decree for the defendants, had authority to set aside such final decree on the basis of the matter presented to him in the petition for rehearing on which he acted to vacate and reverse his predecessor's final decree.
The Court is committed to the general proposition that a successor judge may not correct errors of law committed by his predecessor and hence he cannot review and reverse on the merits and on the same facts the final orders and decrees of his predecessor. In Smith v. Mobley, 95 Fla. 829, 116 So. 760, a case involving the reversal of a final decree earlier entered by a circuit judge of another circuit sitting as a visiting circuit judge, this Court held that while rehearings are authorized in chancery causes, when parties are aggrieved by a decree an appeal should be taken rather than application made to another circuit judge, where no matters are presented that should be adjudicated by a circuit judge. The petition for rehearing upon which the decree was reversed by the resident circuit *314 judge alleged that certain items were not allowed in the final decree of accounting, although they were "proved by undisputed testimony." Thus the petition for rehearing did no more than take issue with the Court on the correctness of its finding and decision in its final decree. The case is authority for the rule that such is not a proper matter to be presented to another circuit judge but is a matter properly reviewable by appeal. The rule would appear to be otherwise with respect to interlocutory orders or decrees. Jones v. McConnon & Co., 100 Fla. 1158, 130 So. 760; 48 C.J.S., Judges, § 56(c), p. 1021. In the later case of Lawyers Co-op. Pub. Co. v. Williams, 149 Fla. 390, 5 So.2d 871, 872, relied on by the appellants, this Court expressly approved the general rule first mentioned above. This Court there said:
"A successor judge generally cannot review, modify or reverse, upon the merits, on the same facts, the final orders of his predecessor unless there exists some special circumstances such as mistake or fraud perpetrated on the court. 33 C.J. Judges, § 104, (p. 973); Annotation, 132 A.L.R. 14.
"It is also generally held that where an application is made to a court seeking the exercise of a discretionary authority and such application has already been made to and passed on by a predecessor judge, the successor may not reverse or modify the previous ruling. Annotation supra. The motion for new trial and petition for rehearing thereof were addressed to the discretion of the Court. Florida Dairies Co. v. Ward, 131 Fla. 76, 178 So. 906. The motion to vacate the final judgment was addressed to the discretion of the court. Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825. Both were founded on and supported by the same facts and legal arguments.
"The rule stated does not derogate that line of decisions in this State holding, as in Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825, supra, a courts' order, however conclusive, to be under the control of that court during the term at which the order was rendered. It does not follow from this recognition of the court's inherent power over its own actions that a successor judge may reverse or modify his predecessor's final orders or discretionary rulings where the facts remain unchanged."
Appellee cites and relies heavily on United American Ins. Co. v. Oak, 123 Fla. 159, 166 So. 547. In that case a successor judge entered an order granting a rehearing and staying the final decree of his predecessor pending the result of such rehearing granted. The opinion expressly rejected the contention that granting the petition for rehearing in that case amounted to one circuit judge reversing another contrary to the general rule. That case is authority for the settled proposition that the identity of the Court is not disturbed by a succession in the identity of the person of the Chancellor exercising its authority and functions. Jones v. McConnon & Co., supra. Moreover, where there are several judges of the same court, each is legally clothed with the full jurisdiction of the Court and may legally take up a case and at any point carry it on, except that propriety and orderly procedure may suggest that where one of such judges has undertaken the handling of a particular case he should carry it through. We find no fault with such pronouncements but we do not find them inconsistent with the more specific proposition of Lawyers Co-op. Pub. Co. v. Williams, supra. We take the proper rule to be that where a petition for rehearing, within its proper scope, presents a point which the Chancellor overlooked or failed to consider, rendering a final decree inequitable or erroneous, then the successor Chancellor, exercising the full jurisdiction of the Court, may with propriety consider such petition and take such proper action upon it as could his predecessor who entered the decree. In such instances the successor's consideration of the case may be said to be in continuation of and supplemental to that *315 of his predecessor. However, where the petition for rehearing merely reargues the case on points and facts found and considered in the prior hearing of the cause, then the petition for rehearing goes beyond its proper scope and it should be denied in any event, and if the Chancellor who entered the final decree has been succeeded, his successor is without authority on such basis to reverse his predecessor contrary to the general rule approved in the Williams case, supra. In such cases, the errors suggested by the petition are matters of review on appeal rather than rehearing by the successor judge.
The relief sought in this case in the Court below, and denied by the summary final decree entered by Judge Hawthorne, was the vacating of an earlier foreclosure sale of appellee's property wherein it is claimed, for reasons set out, that appellee had not had proper notice and opportunity of redemption, with harsh and inequitable result. We have carefully examined the record below and the petition for rehearing on which the successor Chancellor reversed his predecessor's summary final decree denying the relief sought and find that such petition for rehearing, contrary to the recognized scope of petitions for rehearing, did not bring to the Court's attention any point the Court overlooked or failed to consider in entering its final decree, but on the other hand merely charges that the Court erred in its view of the facts and equities of the cause resulting in an erroneous final decree, and seeks to reargue the case on the same facts and arguments presented theretofore to the predecessor Chancellor in the hearing on motion for summary final decree. Under such circumstances, and under the rule of Smith v. Mobley, supra, such are not proper matters to be presented to another circuit judge and under the general rule approved in Lawyers Co-op. Pub. Co. v. Williams, supra, were not such matters that would authorize a successor Chancellor to reverse the final decree of his predecessor.
We are impelled to the conclusion that every consequential fact and argument in support of the decree of February 8th was before the Court for consideration when the decree of December 13th was entered; and that the later decree constitutes an outright reversal by a successor Chancellor of the final decree of his predecessor on the same facts and arguments. It was therefore entered without authority and must be reversed.
It is so ordered.
DREW, C.J., and HOBSON and THORNAL, JJ., concur.