553 So.2d 1281 (1989)
Jesus L. BATISTA, Appellant,
v.
Sandra BATISTA, Appellee.
No. 89-1785.
District Court of Appeal of Florida, Third District.
December 5, 1989.
Earl H. Galitz, Miami, for appellant.
Gaston R. Alvarez, Miami, and Jesus O. Cervantes, for appellee.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, former husband Jesus Batista, appeals a non-final order denying a motion, under rule 1.540(b) of the Florida Rules of Civil Procedure, to vacate a final judgment of dissolution of marriage. We reverse and remand.
Appellee, former wife Sandra Batista, filed a petition for dissolution of marriage. Appellant failed to file any paper for over one year, and a default was entered against him.
Following the default, the trial court held a hearing, at which appellant failed to appear, and granted a final judgment of dissolution of the marriage between appellant and appellee, based solely upon the appellee's petition. Nearly six months later, appellant moved pursuant to rule 1.540(b) to vacate the final judgment of dissolution.
In his motion, appellant sought to reduce the amount of child support awarded. In support of this reduction, appellant asserted excusable neglect, surprise, and fraud in regard to verbal agreements appellant had made with appellee to be jointly represented by the same attorney and for the amount of child support. The appellee filed a motion denying all the allegations of appellant's motion to vacate.
At some point between the entry of final judgment and the filing of the motion to vacate, the original trial judge was appointed to another court. A hearing on the motion was held before a successor judge, who denied the motion on the grounds that *1282 a successor judge could not vacate another judge's final judgment and that modification was the propery remedy. This appeal ensued.
The appellant asserts on appeal that the trial court erred in denying the motion because a successor judge must hear a rule 1.540(b) motion on its merits. Appellee contends that appellant's motion is really a motion for rehearing under rule 1.530 of the Florida Rules of Civil Procedure, clothed in the language of a 1.540 motion, which permits filing within one year from the entry of a final judgment.
The trial court proceeded on the mistaken assumption that a successor judge can never reconsider a ruling made by his or her predecessor. That is not so. See generally Tingle v. Dade County Board of County Commissioners, 245 So.2d 76, 77-78 (Fla. 1971); Groover v. Walker, 88 So.2d 312, 313-15 (Fla. 1956). Thus, for example,
where a petition for rehearing ... presents a point which the Chancellor overlooked or failed to consider, rendering a final decree inequitable or erroneous, then the successor Chancellor, exercising the full jurisdiction of the Court, may with propriety consider such petition and take such proper action upon it as could his predecessor who entered the decree. In such instances the successor's consideration of the case may be said to be in continuation of and supplemental to that of his predecessor. However, where the petition for rehearing merely reargues the case on points and facts found and considered in the prior hearing of the cause, then the petition for rehearing goes beyond its proper scope and it should be denied in any event, and if the Chancellor who entered the final decree has been succeeded, his successor is without authority on such basis to reverse his predecessor contrary to the general rule approved in the [Lawyers Co-op. Pub. Co. v.] Williams [149 Fla. 390, 5 So.2d 871 (1942)] case, supra. In such cases, the errors suggested by the petition are matters of review on appeal rather than rehearing by the successor judge.
Groover v. Walker, 88 So.2d at 314-15.
The Florida Supreme Court has expressly indicated that a successor judge is entitled to entertain a rule 1.540 motion. Tingle v. Dade County Board of County Commissioners, 245 So.2d at 77-78. That is so because a legally sufficient rule 1.540 motion by definition entails matters which (at least ordinarily) were not presented to, or considered by, the predecessor judge.
Under rule 1.540(b), Florida Rule of Civil Procedure, a motion for relief from judgment must be made within a reasonable time but not later than one year from the entry of judgment. Appellant has raised proper grounds necessitating a hearing on the merits, within the one-year period of the rule. A successor judge must hear such a motion. That being so, we reverse and remand for a hearing on the merits of appellant's motion.
Reversed and remanded.