640 So.2d 1164 (1994)
Felix VALDEZ, Ronald Whitaker, Pedro Herhandez, Keith Jackson, Tyrone Thompson, Emilio Hernandez, Jose Antonio Delarosa, David Thomas, Luis Amezal, and Steve Roman, Petitioners,
v.
The CHIEF JUDGE OF the ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, et al., Respondents.
Nos. 94-169, 94-224 to 94-229 and 94-728 to 94-730.
District Court of Appeal of Florida, Third District.
July 5, 1994.
Certification Denied August 18, 1994.
Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for petitioners.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for respondents.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
PER CURIAM.
In this original proceeding, petitioner prays for the issuance of a writ of common law certiorari on the claim that Administrative Order 93-63, entered by the respondent, is a nullity because it exceeds the proper scope of that administrative authority conferred by Florida Rule of Judicial Administration 2.050(b). Other similar petitions filed ad seriatim have been consolidated because of the common question presented. During the pendency of the proceedings, it is conceded that the status of all petitioners has changed from the time in which each was entitled to seek pretrial release pursuant to *1165 Florida Rule of Criminal Procedure 3.131 and section 907.041, Florida Statutes (1993). Notwithstanding the fact that the instant cases are moot, we have decided to determine the question presented because of the potential harm emanating from future enforcement of the order. Holly v. Auld, 450 So.2d 217 (Fla. 1984). Because the petition alleges that the chief judge exceeded his jurisdiction in promulgating the instant administrative order, certiorari is an appropriate remedy and we have jurisdiction. Department of Health & Rehabilitative Services v. Smith, 618 So.2d 379 (Fla. 5th DCA 1993).
In the challenged administrative order, the chief judge found that, in the interests of protecting the public safety and reducing the failure to appear rate, a new standard should be applied in considering eligibility for court-ordered release into the nonfinancial pretrial services program operated by the county government. The amended order explicitly limited the power of a magistrate to release such a defendant except upon a finding that a number of explicitly delineated criteria were satisfied. Further, the order enumerated some 19 categories of crimes, some of which were crimes of violence or crimes against the person, in which defendants so classified were "automatically excluded from eligibility for release to the Program."
Despite the legitimate purpose and goal of the chief judge in adopting the administrative order, as amended, and the fact that the order was implemented upon the recommendation of the Pretrial Release Review Committee, the order is clearly beyond the chief judge's power to establish procedures for the uniform operation of the circuit under rule 2.050(b).[1] While the order explicitly recognized and continued the magistrates' existing prerogative to determine the terms and conditions of pretrial release in accordance with sections 903.046 and 907.041(3) and rule 3.131(b), by the very terms of the order the trial judge's discretionary authority was limited by the criteria delineated and the list of offenses for which exclusion from the program was ordered as mandatory. A judge of a paramount court cannot direct a colleague of that court or of an inferior court how to rule upon a matter except through an established writ or appellate process.[2]
By quashing Administrative Order 93-63, as amended, which abolished Administrative Order 82-18 entered in case no. 82-1 and Administrative Order 90-24, entered in case no. 90-3, those unchallenged orders now remain intact.[3]
Accordingly, we grant the petition for writ of certiorari and quash the order under review.
NOTES
[1] There appears to be no impediment to the executive branch of the county government to establish the minimum criteria and parameters for eligibility before accepting persons into its program for nonfinancial custody release.
[2] A well-recognized exception, of course, is that a successor judge is not bound by an interlocutory ruling of a predecessor judge. Groover v. Walker, 88 So.2d 312 (Fla. 1956).
[3] As identified in Administrative Orders 82-18 and 90-24, pre-bond hearing release to the custody of the Dade County Pretrial Release Program of certain qualified defendants will occur. However, as has been the case, the Department of Corrections and Rehabilitation, any officer, or the State Attorney or any of her Assistant State Attorneys may object to nonjudicial release, in which case the defendant shall be brought to the next scheduled bond hearing so that a judge may pass on the issue of defendant's pretrial status.