DAYTON, Associate Justice.
This is an appeal from a final judgment rendered by the Circuit Court for Broward County wherein Plaintiff, Appellant here, sought damages from Defendants, Appel-lees here, for her alleged false arrest, false imprisonment and injury sustained while imprisoned The Defendant, U. S. Fidelity and Guaranty Insurance Company was joined as Defendant as surety on the official bond of Appellees Hall and Welch.
The Complaint charged that on April 9, 1951, Plaintiff was arrested at the bus station in Ft. Lauderdale by Defendants Grant and Slepecky, police officers of the City of Ft. Lauderdale; that she was imprisoned in the County Jail for eleven to twelve days during which time she was not provided with adequate clothing nor was she taken before any magistrate to answer any charge and no attempt was made by Defendants to comply with the laws of Florida as to procedure in incompetency investigations. Plaintiff also charged that during her imprisonment, Defendant Welch maliciously did “stomp” on her foot, causing a fracture of the fifth metatarsal bone.
The answers of Defendants Grant and Slepecky allege that at the time of her arrest, Plaintiff’s actions indicated she was mentally upset, and because of lack of facilities for handling such cases by the City of Ft. Lauderdale, she was delivered to the County Jail of Broward County.
The answer of Sheriff Hall stated that Plaintiff was placed in the County Jail at the request of the City Police because the City of Ft. Lauderdale lacked facilities for handling women prisoners. The answer alleges that Plaintiff, on arrival at the County Jail, “was screaming, yelling and kicking and acting in an ungovernable manner” and insisted upon taking off her clothes and refused to wear clothing during a great part of the time of her imprisonment, that she was in good physical condition when released from the jail, and that any injury to her foot was caused by her kicking the cell bars, the police car or by other means.
The answer of Deputy Sheriff Welch contains similar statements of fact to those appearing in the answer of Sheriff Hall.
Trial was had which resulted in the granting of a motion for directed verdict in behalf of Defendants Amos H. Hall, Sheriff of Broward County, and the U. S. Fidelity and Guaranty Company. The cause was submitted to the jury as to the remaining Defendants, Grant, Slepecky and Welch. Verdict was returned in favor of Plaintiff as against Grant only, with award of damages fixed at $50. Judgment was entered thereon from which this appeal is taken.
The brief of appellant, plaintiff below, ■concedes that her arrest by the police officers was lawful. It is also conceded that at the time of her arrest, Appellant acted in a violent and insane manner and that her detention in the County Jail without legal process was not improper.
It is urged by Appellant that although her original imprisonment was lawful, it became unlawful for the failure of Defendants to take her before a magistrate or to institute proceedings for the determination of her sanity.
This question appears to have been submitted by the Court to the jury, for this presents the only theory of liability on the part of Deputy Sheriff Welch inasmuch as he was not the arresting officer and was her actual custodian during her confinement in the County Jail. The jury found against Plaintiff as to any liability of Welch and Slepecky.
The record shows that Sheriff Hall had no knowledge of the confinement of Plaintiff. Any liability on the part of the Sheriff, therefore, is derived from his liability for the acts of his deputy done officially or under color of his office. Holland v. Mayes, 155 Fla. 129, 19 So.2d 709.
The jury found against Plaintiff on the question of liability of Deputy Sheriff Welch, and although error was assigned as to the ¡correctness of the Court’s ruling in denying Plaintiff’s motion for a new *232 trial, which motion contained grounds challenging the verdict of the jury as being contrary to the law and the evidence, Appellant has not argued the question of the propriety of the jury’s verdict. We must, therefore, conclude that Appellant has elected to abandon this assignment of error. Silva v. Robinson, 115 Fla. 830, 156 So. 280.
Therefore, the jury having found that Deputy Sheriff Welch was not liable, and Appellant having presented no argument to warrant this Court in disturbing such finding, it must follow that no liability can attach against Sheriff Hall or the U. S. Fidelity and Guaranty Company as surety on the bonds of the Sheriff or Deputy Sheriff.
We find no error in the ruling of the Court below and the judgment is, therefore, affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.