HORTON, Judge.
The appellant here was one of two defendants in an action instituted in the civil court of record.
The sole issue on this appeal is whether or not it was an abuse of discretion for a judge of the civil court of record to set aside a prior order of another judge of the same court granting a jury trial.
Neither party to the cause requested a jury trial in accordance with the provisions of Rule 2.1, Florida Rules of Civil Procedure, 31 F.S.A. On December 11, 1962, the parties by their counsel appeared before one of the judges of the civil court of record as is reflected by excerpts from Minute Book 91, page 462, of the records of that court, at which time counsel for appellant orally moved the court for a severance of the cause and for a jury trial. The minutes reflect that the court denied the motion for severance and granted the motion for a jury trial. The court ordered that the cause be noticed for jury trial. *712 Later, before the cause was tried, another judge of the same court entered an order directing that the cause proceed as a non-jury case. The cause was subsequently tried without a jury and resulted in a judgment adverse to the appellant from which this appeal is prosecuted.
The appellee simply contends that no jury trial was ever granted appellant. There is a duty on the clerk of the civil court of record (§ 33.04, Fla.Stat., F.S.A.) similar to that of the clerk of the circuit court (§ 28.21, Fla.Stat., F.S.A.) to maintain a minute book in which he shall keep regular and fair minutes of all the proceedings of the court. The judge is required to sign these minutes before the adjournment of each term of court. These records are as much a part of the proceedings in a cause as individual written orders. However, their effect, for all purposes, may not always be the .same.
Wc must assume in the absence of any other showing that the minutes of the civil court of record accurately reflect what took place at the hearing when the appellant requested and apparently received permission to try its case before a jury. There is no showing in the record before us the basis upon which the judge who tried the case concluded that the cause should be tried non-jury and, in effect, set aside and rescinded an existing order of another judge of the same court who had granted a jury trial. We are fully aware •of the rule that permits a successor or interim judge to overrule or modify prior orders of another judge of equal jurisdiction, but it is only upon the basis that different or special conditions and circumstances exist which warrant a modification or reversal. Such circumstances have not 'been made to appear in the cause at bar. See Groover v. Walker, Fla.1956, 88 So.2d 312, 314.
Since it is clearly apparent that a jury trial was granted in this case, we conclude that it was an abuse of discretion to deny a trial by jury and, accordingly, the judgment appealed should be and is hereby reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.