207 So.2d 736 (1968)
In re ESTATE OF Philip E. LINDSAY, Deceased.
No. 427.
District Court of Appeal of Florida. Fourth District.
January 8, 1968.
On Rehearing March 28, 1968.
Ernest R. Drosdick, of Anderson, Rush, Dean & Lowndes, Orlando, for appellant First State Bank & Trust Co.
William S. Blalock, of Kirkland, Johnson & Blalock, Orlando, for appellant Railey-Milam Corp.
Collis H. White, Goff & White, Orlando, for appellees Henderson.
J.B. Rodgers, Jr., of Rodgers & Kirkland, Orlando, for appellee-administrator.
CROSS, Judge.
This is an appeal by judgment creditors from orders of a successor judge of the *737 county judge's court authorizing an administrator of an estate to pay as an administration expense the rental of premises used for the storage and preservation of assets of an estate.
Prior to the orders on appeal a predecessor judge had entered an order classifying the claims of the judgment creditors to have a Class 6 priority and the claims of the landlords-lessors for rentals either due or to become due under a lease to have a Class 7 priority.
The judgment creditors contend the subsequent orders entered by the successor judge reclassified the landlords-lessors' Class 7 priority to a Class 1 priority.
Our conclusion necessitates elucidation upon the sequence of events prior and subsequent to the decedent's demise up to the time of taking the appeal.
Philip Lindsay and his wife operated a hardware store in Orlando, Florida. They as lessees entered into a leasing agreement with S.S. Henderson and Bertha Henderson, as lessors, for the rental of a store building for a term of five years. After the lease had run for approximately seventeen months Philip Lindsay died and in accordance with his will his wife was named executrix. The wife later resigned as executrix and an administrator c.t.a. was duly appointed.
Among others, judgment creditors and lessors under a lease filed proof of claims against the estate, and on December 14, 1964, the predecessor judge, pursuant to a petition, after hearing, entered an order establishing the status and payment of claims. It was by this order that the judgment creditors were given a Class 6 priority and the lessors a Class 7 priority. Subsequent to the entry of the aforesaid order the county judge was appointed to the circuit court and a new county judge was appointed to fill the resulting vacancy. After the appointment of the successor judge the lessors filed a motion to amend the order of December 14, 1964, so as to reclassify their standing as creditors of the Lindsay Estate. The judgment creditors filed a motion to strike the lessors' motion to amend on the basis that: (1) the order of December 14, 1964, was a final order and the lessors not having appealed within the time allotted by law they could not now complain of the classification assigned to their claim by virtue of the said order, and (2) under Section 733.20, F.S. 1965, F.S.A., the claim of the lessors could not be accorded a higher classification of priority than said claim had been accorded in the order of December 14, 1964.
Pursuant to a hearing on the motion to amend the order of December 14, 1964, the court on June 22, 1965, entered an order granting the judgment creditors' motion to strike the lessors' motion to amend. The court in its order of June 22, 1965, determined that the administrator had entered into an agreement with the lessors for the storage of the estate's assets in the building previously leased from the lessors by the deceased and his wife. The successor judge further determined from the agreement between the administrator and the lessors that the storage of the estate's assets constituted a representation by the administrator to the lessors that the rental of these premises would be paid as an administrative expense of the estate for the period of time the estate's assets were stored.
The judgment creditors then petitioned the county judge's court for a rehearing on the question of whether or not the rentals accruing under the lease agreement from the date of the death of the deceased was an expense of administration of the estate as well as a claim against the said estate. The court on August 3, 1965, entered an order denying the petition for rehearing and set forth in said order, the pertinent parts of which are as follows:
"2. That this Court does enter its Supplemental Order supplementing its Order of June 22, 1965, and finding that *738 it was determined, in connection with such order of June 22, 1965, that the lease in question was binding upon the personal representatives of the above estate, after the death of the decedent, and did not terminate with the death of the decedent." (Emphasis added.)
On August 6, 1965, the county judge by order authorized and directed that the estate pay as an administrative expense from the date of the deceased's death the sum of $250.00 per month rental for the storage of the estate's assets until such time as the estate's use of the premises in which the assets had been stored had been terminated. Said sum was to be set off against any amount later determined to be payable by the estate to the lessors as a result of the claim under the lease. It is from these orders of June 22d, August 3d and August 6th that an appeal was taken on September 30, 1965.
Prior to the appeal being taken on September 30, 1965, the record reveals on September 17, 1965, the court by order established the amount of the claim of the lessors for rent as an administrative expense for the storage of the estate's assets from which order no appeal has been taken of which this court takes judicial notice. Tower Credit Corporation v. State, Fla. App. 1966, 183 So.2d 255; McNish v. State, 1904, 47 Fla. 69, 36 So. 176.
It follows that whatever disposition would be taken by this court in disposing of the orders appealed would in no way offset or disturb the order of September 17th. Thus, the judgment creditors having failed to appeal the order dated September 17, 1965, the appeal from the earlier orders is moot.
Accordingly since no practical result can be attained by reviewing the orders appealed the appeal is dismissed. Dehoff v. Imeson, 1943, 153 Fla. 553, 15 So.2d 258.
Appeal dismissed.
WHITE, JOSEPH S., Associate Judge, concurs.
WALDEN, C.J., dissents with opinion.
WALDEN, Chief Judge (dissenting).
I respectfully dissent from the decision of the majority to dismiss sua sponte by giving dispositive effect to the order dated September 17, 1965, which order was entered some months following the entry of the orders appealed. It is noted that this was done on the motion of the majority in that none of the parties attached any appellate significance to the order of September 17, 1965. It was foreign to the points, arguments and positions taken by every party, whether appellant or appellee, in this appeal.
Recognizing fully that a dissenting opinion is of dubious value, it is still this writer's disposition to treat the matter on the merits, at least for the purpose of registering a caution in light of the importance of maintaining the concept of finality as applied to orders, judgments and decrees.
Proceeding independently, then, it is seen that this is an appeal from certain orders entered in the county judge's court during the course of certain probate proceedings. Indexing and introducing further, it is to be understood that these orders appealed, plus others, the propriety and effect of all of which are the center of appellate concern, are properly catalogued as a trio with dates and authors as follows:
1. Order of December 14, 1964, entered by the Honorable George E. Adams.
2. The orders being appealed which were entered by the Honorable Richard B. Keating on June 22, 1965; August 3, 1965; and August 6, 1965.
3. Order of September 17, 1965, entered by the Honorable Richard B. Keating.
*739 Creditors filed proofs of claims and by order of December 14, 1964,[1] the county judge classified them under the provisions of Section 733.20, F.S. 1965, F.S.A., and thereby determined priorities.
Appellants were judgment creditors and their claims were denominated as Class 6. Appellees, S.S. Henderson and wife, were lessors under a written lease agreement, and their claim was for rent due under the lease that had accrued before and for a period after the death of the testator. The Hendersons' entire claim was given a Class 7 priority.
Time passed. The time for rehearing and appeal expired. The office of county judge was vacated and a successor judge appointed.
On May 3, 1965, appellees, Hendersons, by motion to amend asked the new county judge to amend his predecessor's order of December 14, 1964, and as a basis therefor, said, "[c]ontrary to the law of the State of Florida, the Honorable George E. Adams entered an order in this Court, rendering Class `7' as creditors to the movants." Although this motion was formally stricken by the new county judge in the order of June 22, 1965,[2] the appealed order went on to reflect a response to the motion in the form of a reconsideration of the merits of the matter. The fruit of the reconsideration was the assignment of a new classification to the Hendersons' earlier claim as concerns rent accruing after the death of the testator. It was changed from Class 7 to the higher priority of Class 1, and given the status of an expense of administration. This action represented a material modification of the earlier order of December 14, 1964, as it re-arranged the priorities to the disadvantage of appellants. It is to be emphasized that the Hendersons filed but one claim and the facts concerning it were the same and equally available at the time of both adjudications.
The broad governing appeal point stated by appellants and acceded to by appellees is as follows:
"Question 2: Whether or not a claim against an estate based on rents due or to become due after the death of a lessee *740 and judicially decreed by one judge to have a priority of class seven (pursuant to Chapter 733.20, Florida Statutes) may be challenged in same court before a successor judge, after the lapse of sixty (60) days from the date of the rendition of such decree."
As I analyze the problem, it is apparent that it must be first determined if the order of December 14, 1964, assigning classification was a final appealable order. If it was such an order, then it was not subject to modification after the time for rehearing and appeal had expired absent the existence of some special circumstances such as mistake or fraud perpetrated on the court as contemplated by F.R.C.P. 1.38 (b) (now Rule 1.540(b), 31 F.S.A.)
Article 5, Section 5(3), of the Florida Constitution as amended in 1956, F.S.A., provides that appeals from final orders or decrees of the county judge's courts pertaining to probate matters or to estates may be taken to the district courts of appeal. The courts have been concerned with determining what is a final order in the county judge's court.
It has been stated that a final order is one which brings to an end the judicial labor on a particular question by finally determining the question as to the party aggrieved.[3] It has also been held that the order of a county judge denying claimant's petition for payment of a claim was a final order pertaining to a probate matter from which an appeal could be taken because it terminated the judicial labors of the court with reference to that claim.[4] This was further explained in Tyler v. Huggins,[5] in which it was stated that if the order on the filing of a claim is adverse to the claimant, it would be a final determination of his rights and would be appealable by him.
Under Section 733.18, F.S. 1965, F.S.A., after the expiration of time for filing objections to claims, the personal representative of an estate is compelled to pay a claim if it is timely filed in the probate proceedings and if no timely objection is filed. After the order of the county judge determining the priority of the claims under Section 733.20, F.S. 1965, F.S.A., is entered, the personal representative is compelled to pay those claims under Section 733.18, F.S. 1965, F.S.A.
In light of the case law discussed and the wording of the statutes involved, it can be concluded that an order of the county judge relating to the classification of claims is a final appealable order. The order finally determined the question of priorities as to the claimants.
The second question to be considered is whether a successor judge may change an order of the prior judge after the time for appeal has passed. The classic case on the subject is Lawyers Co-operative Publishing Company v. Williams.[6] In that case the circuit judge denied a motion for a new trial made by the defendant. The judge subsequently resigned and another judge was appointed. The defendant then filed a motion to vacate the judgment previously entered and the successor judge granted the motion. The new trial resulted in a verdict and judgment for the defendant. The plaintiff's motion for new trial was denied so an appeal was taken. The Florida Supreme Court held that a successor judge generally cannot review, modify or reverse, upon the merits, on the same facts, the final orders of his predecessor unless there exists some special circumstances such as mistake or fraud perpetrated on the court.
The same rule was followed by the court in Groover v. Walker,[7] in which a successor *741 judge vacated an earlier forclosure sale upon a petition for rehearing merely rearguing the case on points and facts already found and considered by the prior judge. The court cited Lawyers Co-operative Publishing Company v. Williams, supra note 6, and Smith v. Mobley,[8] which held that when parties are aggrieved by a decree an appeal should be taken rather than application made to another circuit judge for a rehearing on the correctness of the finding and decision of the final decree. Following the rule of Smith v. Mobley, supra note 8, and the general rule of Lawyers Co-operative Publishing Co. v. Williams, supra note 6, the court held that the charges that the chancellor erred in his view of the facts were not such matters that would authorize a successor chancellor to reverse the final decree of his predecessor.
In a more recent case the court applied the rule expressed in Groover v. Walker, supra note 7. In Olin's, Inc. v. Rader,[9] the court held that a successor or interim judge may overrule or modify prior orders of another judge of equal jurisdiction, but only upon the basis that different or special conditions and circumstances exist which warrant modification or reversal. The court found, however, that there were no special conditions or circumstances present so it was an abuse of discretion for the successor judge to set aside a prior order of the other judge.
In the instant case there were likewise no special conditions nor changes in circumstances to warrant the change in the predecessor judge's order by the successor judge. The first order had held the claims of the appellants to be Class 6 claims and the claim of the appellees for rentals either due or to become due under the lease agreement to be a Class 7 claim. The order of the subsequent judge held that the rentals accruing under the lease agreement from the time of the decedent's death were an expense of administration as well as a claim against the estate, and such rentals were accorded class 1 priority. The successor judge, in effect, modified the prior order so as to give part of the Hendersons' claim a different classification as administration expense. It also might be considered to be a reversal of the prior judge's order giving the appellants' claims a higher priority over the appellees' claims for rentals.
Pinpointing further the basis for this dissent, the majority opinion states, "The court in its order of June 22, 1965, determined that the administrator had entered into an agreement with the lessors for the storage of the estate's assets in the building previously leased from the lessors by the deceased and his wife. The successor judge further determined from the agreement between the administrator and the lessors that the storage of the estate's assets constituted a representation by the administrator to the lessors that the rental of these premises would be paid as an administrative expense of the estate for the period of time the estate's assets were stored."
An examination of the mentioned order set out in footnote 2, reflects that there was no express agreement between the estate and the Hendersons. The order argues only that, because the estate used the premises for some months after the decedent's death, that this as a matter of law meant that the Hendersons were entitled to have the claim for rent treated as an administrative expense rather than as Class 7 as initially adjudicated. But the decedent died in November 1963. The Hendersons filed their claim in March 1964 and the initial adjudication was reflected in order of December 14, 1964, approximately 13 months after the decedent's death. Thus, the old county judge on December 14, 1964, had the same facts available to him, i.e. use of the leased premises after death by the estate, as did the new county judge on June 22, 1965, when the priorities were re-arranged.
It is manifest and beyond question from the record that the estate and the Hendersons did not enter into any new lease agreement *742 and that the county judge in the appealed orders simply took a new and different judicial view of the same facts. And this is made even clearer by the appealed order of August 6, 1965,[10] when the new county judge remarked as a finding that there was an "implied promise."
Having now dealt with the point on appeal submitted by the parties, we examine the order of September 17, 1965,[11] to which the majority accorded critical significance. It is to be remembered that the action complained of in this appeal is that of the successor county judge in changing the Hendersons' *743 claim for rent accruing after death from Class 7 to that of Class 1, an administrative expense. The claim for rent accruing prior to death of decedent was given Class 7 priority and this was never challenged.
It is to be gleaned from the non-appealed September 17th order that it was framed in the light of and as a supplement to the appealed order of August 6, 1965. It appears that the estate assets which were stored in the leased premises in question were sold at a time subsequent to the entry of the orders on appeal by the estate to the landlords, the Hendersons.
It is seen that, as a part of this transaction, the lease was canceled and certain other proceedings not here material were to be dismissed. What is important to our consideration is that the Hendersons agreed to "[w]aive, relinquish and release any and all claims filed against this Estate, except that portion of the claim for rent classified by this Court as a class one claim * * *" and the court ordered: "The Claimants, S.S. Henderson and Bertha Y. Henderson, are forever barred from asserting a claim against this Estate except for rent in the amount of $5,334.00 which has been classified as a class one claim." (Emphasis added.)
Thus, in clear and unmistakable language, the court only discharged the Hendersons' claim for rent acquired before the decedent's death and preserved the Hendersons' claim for the rent accruing after the decedent's death.
Reiterating the whole subject matter of this appeal is the claim for rent accruing after death which the successor county judge had assigned a Class 1 Priority.
It is, therefore, simply not correct to say, as did the majority. "It follows that whatever disposition would be taken by this court in disposing of the orders appealed would in no way offset or disturb the order of September 17th." Why? If the orders appealed are reversed, the order of December 14, 1964, will be re-established and the Henderson claim for rent accruing after death will be accorded a Class 7 priority and they will take a position behind appellants.
If the orders appealed are affirmed, they will stand and the Hendersons' claim for rent accruing after death will be accorded a Class 1 priority and they will take a position in advance of appellants.
Because of the insurmountable differences in interpretation, it is to be emphasized that the September 17th order did not determine priorities. The priorities were determined in the earlier mentioned orders and priorities are the gravamen of this appeal.
Because of the foregoing, tedious as it necessarily is, I project the view that this court should consider the case on the merits as the September 17th order has no bearing upon this appeal. On the merits I would reverse the orders appealed and thereby recognize the adjudication of priorities contained in the order of December 14, 1964, as final and binding.
I do, therefore, dissent.

On Rehearing.
PER CURIAM.
A rehearing having been granted in this cause and the cause having been further considered upon the record and upon briefs and argument of counsel for the respective parties, it is thereupon ordered and adjudged by the court that the court's opinion, filed on January 8, 1968, in this cause be *744 and the same is hereby reaffirmed and adhered to on rehearing.
CROSS, J., and WHITE, JOSEPH S., Associate Judge, concur.
WALDEN, C.J., dissents.
WALDEN, Chief Judge (dissenting).
I adhere to the views expressed in my dissent in the opinion which was filed on January 8, 1968.
NOTES
[1] The material portions of this order are as follows:

"ORDERED AND ADJUDGED as follows:
"1. The claimants are classified under the Florida Statutes, Section 733.20 as follows:

 Claimants Class
 Railey Milam Corp. 6
 * * * * *
 S.S. Henderson and Bertha Y.
 Henderson 7
 * * * * *
 First State Bank & Trust Co. 6"

[2] The material portions of this order are as follows:

"The above styled cause coming on to be heard on Motion To Amend Order of S.S. HENDERSON and BERTHA Y. HENDERSON, Motion To Strike of RAILEY-MILAM CORPORATION, Motion To Strike of FIRST STATE BANK AND TRUST COMPANY of Eustis, Florida and certain other matters and the Court being advised in the premises, it is, upon consideration
"ORDERED, ADJUDGED and DECREED that the said Motions To Strike the said Motion To Amend Order should be, and they are hereby granted; and
"It Is Further ORDERED, ADJUDGED and DECREED that rent on the premises which is the subject of the claim heretofore filed herein by the landlords, S.S. HENDERSON and BERTHA Y. HENDERSON, from the date of death of the above decedent until such time as the Administrator C.T.A. herein terminates the said estate's use of the paid premises to store the property of the said estate should be, and it is hereby, determined to be an administration expense of the said estate as well as a claim against the said estate. The estate's use of the said premises for over eighteen (18) months subsequent to the decedent's death for storage of estate property constituted a representation to the said landlords by the estate that the said landlords could look to funds available for the payment of administration expenses for the payment of rent during the said period in addition to any claim they might have under the provisions of the said lease and upon which representation the said landlords were entitled to rely." (Emphasis added.)
[3] In Re Nolan's Estate, Fla.App. 1959, 114 So.2d 341.
[4] In Re Hamlin's Estate, Fla.App. 1963, 157 So.2d 844, upheld by the Supreme Court in Smoak v. Graham, Fla. 1964, 167 So.2d 559.
[5] Fla.App. 1965, 175 So.2d 239.
[6] 1942, 149 Fla. 390, 5 So.2d 871.
[7] Fla. 1956, 88 So.2d 312.
[8] 1928, 95 Fla. 829, 116 So. 760.
[9] Fla.App. 1964, 161 So.2d 711.
[10] The material portions of this order are as follows:

"The above styled cause coming on to be heard on the Petition For Determination of Rent of S.S. HENDERSON and BERTHA Y. HENDERSON and the Court having considered the evidence presented, the arguments of counsel for the respective parties and the Court finding that representatives of the estate did, shortly after the death of the above decedent, request of the Petitioners that they not retake possession of the premises involved and remove the estate assets therefrom for non-payment of rent but rather allow the estate to store the assets on the premises during the administration of the estate in exchange for an implied promise to pay rent for the said premises, that the rate of rent at the time of the said promise under the terms of the existing lease was Two Hundred Fifty Dollars ($250.00) per month and that a reasonable expense of administration of the estate for the storage of the estate assets on the said premises is Two Hundred Fifty Dollars ($250.00) per month, that in reliance on the said promise the Petitioners canceled their plans to retake possession of the said premises and allowed the estate to continue in possession thereof, and the Court being further advised in the premises, it is, upon consideration
"ORDERED, ADJUDGED AND DECREED that the Administrator C.T.A., JOSEPH J. NICHOLAS, Sr., is hereby authorized and directed to consider and pay as an administration expense of the above estate rent on the premises owned by the Petitioners and located at 4319-4321 Edgewater Drive, Orlando, Florida, and used by the above estate for the storage of estate assets, the sum of Two Hundred Fifty Dollars ($250.00) per month from the date of the above decedent's death until such time as the estate's use of the said premises has been terminated; and
"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all amounts paid by the above estate to the said Petitioners pursuant to this Order shall be set off against any amount later determined to be payable by the said estate to the said Petitioners as a result of the claim heretofore filed herein by the Petitioners based on a certain lease of the above described premises by the above decedent during his lifetime."
[11] The material portions of this order are as follows:

"WHEREAS, upon hearing on the aforesaid Petition, this Court entered its Order on August 6, 1965, to which reference is hereby made, and
"* * *
"WHEREAS, a hearing was held on said Petition on August 24, 1965, which resulted in an agreement by the parties present before the Court, that it would be for the best interest of the Claimants and the Estate to sell the Estate's stock of goods, wares and all merchandise, in bulk, located in the store building at 4319-4321 Edgewater Drive, Orlando, Florida. The attorney for the Estate, J.B. Rodgers, Jr., was instructed to notify interested parties of such a sale and invite such parties to bid and further that the hearing would be continued until 11:00 o'clock A.M., September 1, 1965, and
"* * *
"WHEREAS, at the hearing on September 1, 1965, it appeared to the Court that only one bid was submitted, that one being from S.S. and Bertha Y. Henderson, in the amount of $5,610.00 for said stock and fixtures belonging to the Estate located at 4319-4321 Edgewater Drive, and
"* * *
"WHEREAS, it was agreed, as a condition to the Court and the Estate accepting the aforesaid bid, that the Claimant and Landlord S.S. and Bertha Y. Henderson would:
"* * *
"(5) Waive, relinquish and release any and all claims filed against this Estate, except that portion of the claim for rent classified by this Court as a class one claim, and
"* * *
"ORDERED, ADJUDGED AND DECREED as follows:
"(1) The bid of S.S. and Bertha Y. Henderson for the stock of goods, wares, merchandise and fixtures of the Philip E. Lindsay Estate, located at 4319-4321 Edgewater Drive, Orlando, Florida, in the amount of $5,610.00 is hereby accepted and a sale to said bidders is hereby confirmed.
"* * *
"(4) The Claimants, S.S. Henderson and Bertha Y. Henderson, are forever barred from asserting a claim against this Estate except for rent in the amount of $5,334.00 which has been classified as a class one claim."