RYDER, Acting Chief Judge.
This appeal involves three orders of the trial court limiting the amount of retroactive child support collectible in three proceedings where the Department of Health and Rehabilitative Services (“HRS”) and the mothers sought a determination of paternity and child support. Upon HRS’s motion we consolidated the cases because they involved the same *282 issue of law. In each order on appeal the court ruled that claims for child support for the period exceeding four years prior to the date of the filing of the complaint were barred by the statute of limitations. HRS appealed these orders within thirty days of their rendition.
Upon later review of the orders, we determined they appeared to be nonfinal orders that were not appealable under Florida Rule of Appellate Procedure 9.130. We issued an order to show cause why the appeals should not be dismissed. We also ordered the clerk of the Pasco County Circuit Court to supplement the records with all orders of the court entered after the date the records had been prepared in each of the cases. This order permitted the appellants to file supplementary directions to the clerk to designate any other material for inclusion in the supplementary record that they deemed relevant. After receipt of the supplemental records and HRS’s response to our order to show cause, we determined that the orders were indeed nonfinal, nonappealable orders. In situations such as this, we would normally dismiss the appeals. See Department of Corrections v. Ratliff, 552 So.2d 302 (Fla. 2d DCA 1989). Here, however, we discovered that final orders had been entered in each of the cases, that none of these final orders had been appealed and that the time for filing appeals had passed. If we were to dismiss these appeals, HRS and the mothers would lose all chance for review of the orders. As such, we have decided to treat the notices of appeal as premature appeals of the final orders. Fla.R.App.P. 9.110(m).
Our decision to do so presents a second problem. When these appeals were originally consolidated, the orders appealed were identical, and thus presented the same question of law. The final orders in these cases come to different results on the issue of child support arrearages. Moreover, a review of the facts shows that each case requires separate discussion. We must, therefore, address the cases individually.

A. Case number 92-04665, Braun and Sellers.

As previously noted, in each of the cases the trial court entered an interlocutory order barring child support arrearages for the period of time exceeding four years before the date the complaints were filed. The court based its orders on the “statute of limitations,” although it did not state which statute it meant. Ms. Braun’s daughter was almost nine years old when she filed this paternity action against Mr. Sellers. As such, the order relieved Mr. Sellers from responsibility for child support for almost five years of his daughter’s life. The final order did require him to pay retroactive child support, but it does not reveal how the trial court arrived at the amount payable or what time period the amount covered. Presumably, the final order was consistent with the court’s interlocutory order limiting the time period to four years prior to the filing of the complaint.
We have held that a trial court may order the father of an illegitimate child to pay retroactive child support. McQueen v. Stratton, 389 So.2d 1190 (Fla. 2d DCA 1980). The lower court here erred in limiting the father’s obligation to the four-year period before the fifing of the complaint. Although the order does not state which statute of limitation the court relied upon, the motion for partial summary judgment refers to section 95.11(3)(k), Florida Statutes (1991).[1] We agree with the First District’s conclusion in Fowhand v. Piper, 611 So.2d 1308,1311 (Fla. 1st DCA 1992), and hold that section 95.11(3)(k) does not limit a minor child’s claim for support from an unwed father. Ms. Braun’s action for child support was part of her action to determine the child’s paternity. Section 95.11(3)(b), Florida Statutes (1991), provides a four-year limitations period for “an action relating to the determination of paternity, with the time running from the date the child reaches the age of majority.” The issue of child support is intertwined with the issue of paternity and is therefore encom *283 passed in section 95.11(3)(b). Ms. Braun’s daughter has not yet reached the age of majority. Thus, under the proper statute of limitations, her action for child support for the period of time beginning at the child’s date of birth is not barred. Accordingly, we reverse and remand this case to the trial court to consider whether Mr. Sellers should pay additional retroactive child support.

B. Case number 92-14566, Bradford and Skinner.

The final order in this ease stated that HRS and Deirdre Bradford were guilty of estoppel and laches, and therefore, their claims for child support due prior to the filing date of the complaint were barred. The issue of estoppel and laches has not been raised on appeal. We, therefore, cannot comment on the propriety of the court’s final order on this point. While the court’s finding in the interlocutory order that the claims for child support owed for the period of time exceeding four years before the filing of the complaint were barred by the statute of limitations was in error, a reversal of the order would not benefit Ms. Bradford, because the final order, grounded on another theory, bars all retroactive child support. Because no practical purpose can be served by a decision, we must dismiss the appeal in ease number 92-14566 as moot. Friends of the Everglades, Inc. v. South Florida Regional Planning Council, 447 So.2d 902 (Fla. 3d DCA 1984); In re Lindsay’s Estate, 207 So.2d 736 (Fla. 4th DCA 1968).

C. Case number 92-04666, Walsh and LaMonica.

HRS and Ms. Walsh filed their complaint against Mr. LaMonica on June 28, 1991. It alleges that Mr. LaMonica is the father of Ms. Walsh’s son, born August 24, 1987. The child was approximately three years and ten months old on the date the complaint was filed. The order on appeal, barring retroactive support for the period exceeding four years prior to the filing of the complaint, has no practical effect because the child was not even born during that period. We are not required to do a useless act, or act if it is impossible for us to grant effective relief. Again, because no practical result can be obtained by reversing the order in this case, we must also dismiss this appeal. Friends of the Everglades; Lindsay’s Estate.
Case number 92-04665, HRS and Braun v. Sellers, is reversed and remanded to the trial court for proceedings consistent with this opinion; the appeals in ease number 92-04566, HRS and Bradford v. Skinner, and case number 92-04666, HRS and Walsh v. LaMonica, are dismissed.
PATTERSON and FULMER, JJ., concur.

. Section 95.11(3)(k) provides a four-year limitations period for:
[a] legal or equitable action on a contract, obligation or liability not founded on a written instrument, including an action for the sale and delivery of goods, wares, and merchandise, and on store accounts.