733 So.2d 596 (1999)
Jan HALL and Eugene Kiernan and The Class, Appellants,
v.
HUMANA HOSPITAL DAYTONA BEACH, etc., et al., Appellees.
No. 98-3094.
District Court of Appeal of Florida, Fifth District.
June 11, 1999.
*597 Stephen A. Scott of Stephen A. Scott, P.A., Gainesville, and Herbert T. Schwartz of Williams Bailey Law Firm, LLP, Houston, Texas, for Appellants.
Edward Waller, Jr., Hala A. Sandridge and Charles Tyler Cone, of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for Appellee.
W. SHARP, J.
Jan Hall, Eugene Kiernan and The Class appeal from a post-judgment order which denied them an award of costs.[1] We find this appeal has no merit, having reviewed the initial brief filed by appellants. Accordingly we elect to deal with it by way of summary disposition pursuant to Florida Rule of Appellate Procedure 9.315(a). We affirm.
In this proceeding, appellants moved for an award of costs relating to a lawsuit which had been completed below. They sought the award pursuant to section 57.041[2] on the ground that they were the "prevailing"[3] party. In order to be entitled to an award of attorney fees or costs under the statute, the moving party must be determined to be the "prevailing" party in the lawsuit. Schneider v. DiPaola, 715 So.2d 284 (Fla. 2d DCA 1998); State Farm Mutual Automobile Ins. Co. v. Marko, 695 So.2d 874, 875 (Fla. 2d DCA 1997); Wright v. Caruana, 640 So.2d 197 (Fla. 3d DCA 1994); Nemours Foundation v. Gauldin, 601 So.2d 574, 576 (Fla. 5th DCA 1992).
The problem for appellants in this appeal is that the opposing party, Humana Hospital Daytona Beach, was determined to be the "prevailing party" when the trial court denied appellant's motion for an award of attorney fees, pursuant to section 57.105(2). Appellants took an untimely appeal from that order, and this court dismissed for lack of jurisdiction.[4] While that appeal was still pending, appellants moved for and were denied an award of costs under section 57.041, which is the subject of this appeal.
As we analyze this case, when the first appeal was dismissed, the identification of Humana as the prevailing party in the lawsuit below became fixed, final and binding on appellants. They point out that the *598 prior determination related to an award of attorney fees and not costs. However, we decline to indulge in the theoretical possibility that one party could be determined to be "prevailing" for purposes of an award of attorney fees and the other, for an award of costs under the two related statutes. Surely they must be one and the same. Accordingly, appellants are bound by the prior ruling. See State Department of Health and Rehabilitative Services v. Skinner, 649 So.2d 280 (Fla. 2d DCA 1995); Reliable Reprographics Blueprint and Supply, Inc. v. Florida Mango Office Park, Inc., 645 So.2d 1040 (Fla. 4th DCA 1994); In Re Lindsay's Estate, 207 So.2d 736 (Fla. 4th DCA 1968).
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] Fla. R.App. P. 9.300(b).
[2] Section 57.041 provides:

57.041 Costs; recovery from losing party. 
(1) The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
[3] The "party recovering judgment" under section 57.041, and the "prevailing party" under section 57.105 are governed under the same principles. Folta v. Bolton, 493 So.2d 440, 442 (Fla.1986).
[4] Arscott v. Humana Hospital Daytona Beach, Case No. 98-1560.